**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PERPETUA-BURR OAK HOLDINGS OF | ) | Case No. 09-34022 |
| ILLINOIS, L.L.C., *et al.,* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date: 1/28/10 @ 10:00 a.m. |
| | ) | Objection Deadline: 1/26/10 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 28, 2010 at 10:00 a.m., the undersigned shall appear before the Honorable Pamela S. Hollis, in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, and then and there present the DEBTORS' SECOND MOTION TO AMEND AGREEMENT AND FINAL ORDER REGARDING SECURED POST-PETITION FINANCING**,** at which time you may appear if you deem fit.

Dated: January 13, 2010

Respectfully submitted,

Perpetua, Inc.
Perpetua Holdings of Illinois, Inc.
Perpetua-Burr Oak Holdings of Illinois, L.L.C.

By:       */s/ Brian L. Shaw*
              One of their attorneys

Robert M. Fishman (#3124316)
Brian L. Shaw (#6216834)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

{7185 MOT A0250276.DOC 2}

## CERTIFICATE OF SERVICE

Brian L. Shaw certifies that he caused to be served a true copy of the above and foregoing DEBTORS' MOTION TO AMEND AGREEMENT AND FINAL ORDER REGARDING SECURED POST-PETITION FINANCING upon the attached Service List via in the manner so indicated on this 13th day of January, 2010.

/s/ *Brian L. Shaw*

### Mailing Information for Case 09-34022

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- Kimberly A Bacher   kbacher@shawgussis.com
- Sisavanh B Baker   sibaker@cookcountygov.com
- Aaron R. Bilton   aaronbilton@ameritech.net
- Carl B Boyd   starksboyd@sbcglobal.net
- Patience R Clark   prc@clarklawchicago.com
- Nathan F Coco   ncoco@mwe.com
- Joseph R Curcio   info@curcio-law.com, kmillan@curcio-law.com
- Yao O Dinizulu   dinizulu@dinizululawgroup.com
- Faith Dolgin   faith.dolgin@illinois.gov
- Robert M Fishman   rfishman@shawgussis.com
- Jamie G Goldstein   jgoldstein@gdmlawfirm.com
- Kenneth T Goldstein   ken@krislovlaw.com, ecf@krislovlaw.com
- Blake W Horwitz   bhorwitz@hrbattorneys.com, sboshears@rsbmlaw.com
- Gregory J Jordan   gjordan@akjltd.com
- Dan Klein   dakchicago@yahoo.com
- Robert D Kreisman   bob@robertkreisman.com
- Clinton A Krislov   clint@krislovlaw.com
- Vincent E. Lazar   vlazar@jenner.com, lyap@jenner.com;docketing@jenner.com
- Anthony J Masciopinto   amasciopinto@kmklawllp.com
- James D. Montgomery   james2@jdmlaw.com
- William T Neary   USTPRegion11.ES.ECF@usdoj.gov
- Elliot Pollock   pollocklaw@sbcglobal.net, rettigb@hotmail.com
- Scott C Polman   spolman.law@comcast.net
- Joseph A Power   joepower@prslaw.com, dkroger@prslaw.com
- Aron D Robinson   adroblaw@aol.com
- Richard A. Saldinger   rsaldinger@shawgussis.com
- Brian L Shaw   bshaw100@shawgussis.com, bharrington@shawgussis.com
- Zachary K. Sims   zacharysims@aol.com
- Kathleen A Stetsko   kstetsko@perkinscoie.com
- Daniel A Zazove   docketchi@perkinscoie.com
- Thomas A Jr Zimmerman   tom@attorneyzim.com

*<u>Via Electronic Mail</u>*

Steven J. Plotkin  siplaw@sbcglobal.net
Darrell Phillips  revdrdlp@comcast.net
Shelby H. Karish  shelby@walnerlaw.com
Blake W. Horwitz  bwhorwitz@hrbattorneys.com
Deidre Baumann  baumannesq@worldnet.alt.net
Kenneth T. Goldstein  ken@krislovlaw.com
Aron D Robinson  adroblaw@aol.com
Felicia M. Vacca  fmv1@ntrs.com
Terry Blanchard  tblanchard@barclaydixon.com
Grant S. Palmer  Palmer@BlankRome.com
Louis H. Kozloff  Kozloff@BlankRome.com
Ryan P. Stewart  Stewart-R@BlankRome.com
Kevin W. Doherty  kwd@doherty-progar.com
James Geoly  jgeoly@burkelaw.com
Susan M. Horner  shorner@burkelaw.com
Arlene M. Embrey  arlene.embrey@sba.gov
Paul J. Gaynor  pgaynor@atg.state.il.us
Alexia M. Kulwiec  kulwieca@seiu1.org
Anthony J. Masciopinto  amasciopinto@kmklawllp.com


*<u>Via U.S. Mail</u>*

G. Allen Mayer, Asst. Cnsl.
Jessica A. Sohl, Asst. Cnsl.
Illinois Office of the Comptroller
100 West Randolph, 15-500
Chicago, IL 60601

Gary M. Griffin
General Law Bureau
Attorney General's Office
100 W. Randolph St.
13th Fl.
Chicago, IL 60601

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PERPETUA-BURR OAK HOLDINGS OF | ) | Case No. 09-34022 |
| ILLINOIS, L.L.C., *et al.,* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date: 1/28/10 @ 10:00 a.m. |
| | ) | Objection Deadline: 1/26/10 |

## DEBTORS' SECOND MOTION TO AMEND AGREEMENT AND FINAL ORDER REGARDING SECURED POST-PETITION FINANCING

Perpetua, Inc. ("Perpetua"), Perpetua Holdings of Illinois, Inc. d/b/a Cedar Park Cemetery ("Cedar Park") and Perpetua-Burr Oak Holdings of Illinois, L.L.C. d/b/a Burr Oak Cemetery ("Burr Oak", collectively, with Cedar Park and Perpetua, the "Debtors" or "Perpetua Entities"), for its Debtors' Motion To Amend Agreement And Final Order Regarding Secured Post-Petition Financing (the "Motion"), respectfully state as follows:

1. On September 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned cases (the "Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The United States Trustee has appointed a creditors' committee ("Committee") in the Cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

{7185 MOT A0250276.DOC 2}

4.      Perpetua was organized under the laws of the state of Florida in 1998. Perpetua (a) owns all of the capital stock of (i) Cedar Park and (ii) Perpetua Holdings, Inc. d/b/a Wade Funeral Home ("Wade") (a non-debtor affiliate) and (b) holds all of the common interests in Burr Oak. Perpetua provides administrative, managerial and other support services to Cedar Park, Burr Oak and Wade. Perpetua's subsidiaries' cemeteries and funeral homes principally serve minority communities in the Chicago and St. Louis metropolitan areas.

5.      Cedar Park was organized under the laws of Illinois in 2004, at which time it acquired the Cedar Park Cemetery. Cedar Park owns and operates an active cemetery located at 12540 S. Halsted, Calumet Park, Illinois (the "Cedar Park Cemetery"). Cedar Park maintains an office on site.

6.      Burr Oak was organized under the laws of Illinois in 2001, at which time it acquired the Burr Oak Cemetery. Burr Oak owns and operates an active cemetery located at 4400 W. 127th Street, Alsip, Illinois (the "Burr Oak Cemetery"). Burr Oak maintains an office on site.

7.      Pacesetter SBIC Fund, Inc. ("PSF" or "Lender") and MESBIC Ventures, Inc. ("MESBIC," along with PSF, the "Secured Creditors") are lenders to and hold certain equity-type investments in the Debtors.

8.      On or about September 14, 2009, the Debtors filed their Emergency Motion Pursuant to Sections 105, 362, 363, and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure for Authority to: (1) Obtain Secured Post-Petition Financing, (2) Grant Priming Liens, Superpriority Administrative Expense Status, and Adequate Protection, (3) Modify the Automatic Stay, (4) Enter Into Post-Petition Agreements with its Lender, and (5) Schedule Final Hearing (the "Financing Motion").

{7185 MOT A0250276.DOC 2}                        2

9. Through the Financing Motion, the Debtors sought and obtained secured post-petition financing (the "DIP Facility") from PSF, subject to the terms and conditions set forth in the Final Order (I) Authorizing Debtors To Obtain Secured Post-Petition Financing, (2) Granting Priming Liens, Superpriority Administrative Expense Status, And Adequate Protection, (3) Modifying The Automatic Stay, And (4) Authorizing Debtor To Enter Into Post-Petition Agreements With Its Lender (as amended pursuant to the Order entered by this Court on December 10, 2009, the "Final Order").

10. The Debtors sought the DIP Facility as they needed funds to maintain continued operations at the Burr Oak and Cedar Park Cemeteries in order to preserve and increase the value of the Debtors' assets.

11. Despite their best efforts, the Debtors required additional time to continue their rehabilitation of the Burr Oak Cemetery and to market and sell the Burr Oak and Cedar Park Cemeteries beyond the time frames set forth in paragraphs 5 and 7(k) of the Final Order.

12. Accordingly, on December 3, 2009, the Debtors filed a Motion to Amend Agreement and Final Order Regarding Secured Post-Petition Financing. On December 10, 2009, this Court entered an Order Amending Agreement and Final Order Regarding Post-Petition Financing.

13. While the Debtors have been diligent in their efforts to market and sell the Cemeteries, they still require additional time beyond the time frames set forth in paragraphs 5 and 7(k) of the Final Order to market and sell the Burr Oak and Cedar Park Cemeteries.

14. The Debtors propose that the Final Order (and their DIP Loan Agreement with PSF) be amended as follows:

- Paragraph 5 of the Final Order would be amended to read as follows:
  Except as the Lender in its sole discretion agrees otherwise in

writing, (a) the Lender's willingness to make loans pursuant to the authorization granted by this Final Order shall cease, (b) all DIP Indebtedness shall be immediately due and payable in cash, and (c) the Lender shall have the enforcement rights set forth in Paragraphs 13 and 14 of this Final Order, upon the earlier (the "Maturity Date") of (a) May 31, 2010 (if the DIP Financing has not been further extended by order of the Bankruptcy Court); (b) the date of acceleration of the DIP Indebtedness upon the occurrence of an Event of Default; or (c) such later date as agreed to in writing by the Lender and the Debtors (or its successor in interest).

- Paragraph 7(k) and (l) of the Final Order would be amended as follows:

    (k) the failure of the Debtors to obtain Bankruptcy Court approval of the sale of all or substantially all of the Debtors' assets (the "Asset Sale") on or before May 15, 2010, or

    (l) the failure of the Debtors to close the Asset Sale on or before May 31, 2010.

- Exhibit B of the Final Order would be replaced by the Revised Budget. The Revised Budget only sets out projected costs through March 31, 2010. The Debtors will submit and file a Revised Budget on or before March 21, 2010 to cover time period after that date.

15. The Debtors have also submitted herewith as Exhibit A a revised budget ("Revised Budget") that reflects its cash expenditures under the Budget attached to the Final Order as Exhibit B and projects their future cash needs through June 4, 2010.

16. As was the case when the Debtors filed the Financing Motion, the Debtors are unable to obtain adequate unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code merely as an administrative expense pursuant to Section 364(b) of the Bankruptcy Code. The Debtors are unable to obtain credit on terms equal to or more favorable than those proposed by the Lender.

17. The Lender has agreed to the proposed amendments provided for herein subject to the terms and conditions already approved in the Final Order. The Lender has negotiated the

amendments to the DIP Loan Agreement at arms' length and in good faith within the meaning of Section 364(e) of the Bankruptcy Code.

18. The relief requested herein is necessary to allow the Debtors to continue down the path they started on at the commencement of these Cases, and to allow them to successfully market and sell their assets for the benefit of all of their creditors.

## NOTICE AND REQUEST FOR NON OMNIBUS DATE

19. No less than ten (10) days notice of this Motion and Proposed Order has been given to the Office of the United States Trustee, counsel to the Committee, counsel to the Secured Lenders, those parties requesting notice under Federal Rule of Bankruptcy Procedure 2002 and certain other known parties in interest. In light of the nature of the relief requested, the Debtors request that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

20. The Debtors have been diligently negotiating the terms of Additional DIP Financing over past months, which financing they need prior to February 1, 2010. The Debtors have requested authority to enter into such Additional DIP Financing through a separate motion filed concurrently herewith (the "Financing Motion"). The Debtors were not able to finalize certain issues that were required to be resolved prior to the filing of the Financing Motion until January 13, 2010. In order to have the Financing Motion presented and a final order entered prior to that date, and at the same time, avoid the cost and other resources that would be necessary for and dual interim and final hearing process, the Debtors have set the Financing Motion. Because of the interrelatedness of the two Motions, they are appropriately presented together. Therefore, the Debtors ask that relief be granted to allow such presentation on an noon-omnibus date.

{7185 MOT A0250276.DOC 2}    5

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order in the form substantial attached hereto granting the relief requested herein and such other and further relief as is just and proper.

                      Respectfully submitted,

                      Perpetua, Inc.
                      Perpetua Holdings of Illinois, Inc.
                      Perpetua-Burr Oak Holdings of Illinois, L.L.C.

Dated: January 13, 2010         By:   */s/ Brian L. Shaw*
                                          One of their attorneys

Robert M. Fishman (#3124316)
Brian L. Shaw (#6216834)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151 telephone
(312) 980-3888 facsimile