IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>Perpetua-Burr Oak Holdings of Illinois, L.L.C. and Perpetua, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-34022<br>(Jointly Administered)<br><br>Honorable Pamela S. Hollis |

### LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (A) SALE OF OPERATING ASSETS OF CEDAR PARK AND BURR OAK BUSINESSES, (B) TERMS OF SALE AGREEMENT, (C) SALE TERMS AND BIDDING PROCEDURES, BREAK UP FEE AND AUCTION NOTICE, AND (D) RELATED RELIEF.

The Official Committee of Unsecured Creditors (the "Official Committee") by its undersigned attorneys objects in part to the Debtors' Motion For Entry Of An Order Approving (A) Sale Of Operating Assets Of Cedar Park And Burr Oak Businesses, (B) Terms Of Sale Agreement, (C) Sale Terms And Bidding Procedures, Break Up Fee And Auction Notice, And (D) Related Relief (the "Sale Motion").

The Official Committee does not object to the solicitation of offers, the establishment of bidding procedures, or the sale notice. The Official Committee, however, reserves its right to object to both the Purchaser and to the sale terms. In particular, the Official Committee seeks assurance that a Purchaser is willing and able to appropriately operate and maintain the Burr Oak and/or Cedar Park Cemeteries. In order to resolve this reserved objection, the Official Committee suggests certain changes to the Sale Terms and Bidding Procedures. In support of its limited objection, the Official Committee states as follows:

1.  Nearly all general creditors in these Chapter 11 cases are either currently named plaintiffs in one of more than 55 cases filed against the Debtors pre-petition or individuals who

could file similar actions but for the automatic stay. These creditors have one or more relatives buried at Burr Oak Cemetery (the "Burr Oak Claimants").

2. The Burr Oak Claimants are not only interested in the economic benefits of any sale of Burr Oak Cemetery, but are also interested in the future upkeep and operations of Burr Oak Cemetery.

3. The Official Committee believes that the "highest and best" bidder for the Burr Oak Cemetery may not simply be the bidder who offers the greatest sum of money, but may be the bidder who is committed to improving and maintaining Burr Oak Cemetery for the benefit of the families of those buried there. In particular, the Official Committee believes that the Burr Oak Cemetery is in need of repairs to its roads and landscaping and that the cemetery lacks a permanent system of grave markers. The Official Committee believes that a Purchaser who is willing to make these repairs and other necessary updates is more desirable than a Purchaser who merely offers cash.

4. Similarly, the Official Committee believes a Purchaser of Cedar Park Cemetery should be committed to its continued upkeep and maintenance. The Official Committee believes that Cedar Park Cemetery is in better condition than Burr Oak Cemetery and cannot identify any particular need for repair.

5. The Official Committee also believes that certain Pre-Need contracts for burial plots at Burr Oak Cemetery will be unable to be honored as written, due to existing, currently unmarked graves. Likewise, the Official Committee believes that plots in certain areas of the Burr Oak Cemetery cannot and should not be sold due to existing, currently unmarked graves. The Official Committee believes that a Purchaser needs to make explicit provision for handling

these Pre-Need contracts and for preventing burial in areas of the cemetery known to contain unmarked graves.

6.      The Official Committee believes that some Pre-Need contracts, including burial contracts and contracts for headstones and other goods, were made on an installment basis. Some of these Pre-Need contracts have not been fully paid, and the Official Committee believes that a number of individuals have not made payments during the pendency of the Bankruptcy case. The Official Committee believes that a Purchaser needs to describe explicitly how it will treat Pre-Need contracts that have been paid only in part and how it will handle individuals who wish to cancel their Pre-Need contracts.

7.      Finally, while the Official Committee understands that there are available burial sites at both Burr Oak Cemetery and Cedar Park Cemetery, these burial sites are a finite resource and at some point the Purchaser of each cemetery will no longer be able to operate that cemetery as a going concern. The Official Committee believes that any Sale Agreement must make provision for the eventual transition of the Burr Oak Cemetery and the Cedar Park Cemetery into memorial parks.

8.      Neither the Sale Motion nor the Agreement attached as Exhibit A provide any assurance of continued maintenance and upkeep of the cemeteries or explicit details regarding the assumption, modification or rejection of the cemeteries' respective Pre-Need contracts. In particular, the Sale Motion does not include Schedules 9(b)(1) and 9(b)(2) to the Agreement, which state which Pre-Need contracts are assumed. The Sale Motion and the Agreement also fail to make provision for the transition of the Burr Oak Cemetery and the Cedar Park Cemetery. Without knowledge of exactly what obligations will be assumed or the Buyer's plans for the

cemeteries' maintenance, upkeep and eventual disposition, the Official Committee cannot evaluate the Agreement or file either a response supporting or objecting to the sale.

9.  Thus, the Official Committee explicitly reserves the right to object to any Winning Bid, Sale Agreement and/or any subsequent Sale Order that does not state that Purchaser assumes the responsibility for upkeep and maintenance of the Burr Oak Cemetery and Cedar Park Cemetery and does not provide assurance of continued maintenance and upkeep. The Official Committee also explicitly reserves the right to object to any Winning Bid, Sale Agreement and/or subsequent Sale Order that does not state with particularity the Purchaser's plans for the assumption, modification or rejection of Burr Oak Pre-Need Contracts, including those contracts not paid in full and those contracts which may require modification due to existing unmarked graves. The Official Committee also reserves the right to object to any Potential or Qualified Bidder who lacks the financial resources to maintain the Burr Oak Cemetery and Cedar Park Cemetery and to any Potential or Qualified Bidder who has not made arrangements for the final disposition of the Burr Oak Cemetery and/or the Cedar Park Cemetery.

10. Therefore, the Official Committee requests that the Proposed Order and the Terms and Procedures be modified to allow the Official Committee, or its Subcommittee, to review any and all documents and information submitted to the Debtors by all Potential Bidders, to interview Buyer as well as any other Potential Bidder and to request from Buyer and Potential Bidders those additional documents reasonably related to the prospective purchase.

11. Further, the Official Committee requests that the Proposed Order be modified to: (1) allow objections to the Sale Order to be filed until April 28, 2010 or until a Winning Bid is

identified and communicated to the Official Committee, whichever is later; and (2) set the Sale Hearing no earlier than April 30, 2010.

WHEREFORE, the Official Committee requests that this Court modify the Debtors' Proposed Order to allow (1) the Official Committee to interview Buyer and Potential Bidders on Burr Oak Cemetery; (2) the Official Committee to review any documents submitted to Debtors relating to any Qualified Bid; (3) the Official Committee to request documents from Qualified Bidders reasonably related to Qualified Bidders' commercial viability and the substance of any Qualified Bid; and (4) allow objections to the Sale Order to be filed until April 28, 2010 or until 24 hours after a Winning Bid is identified and communicated to the Official Committee, whichever is later and to set the Sale Hearing for April 30, 2010 or 48 hours after a Winning Bid is identified and communicated to the Official Committee, whichever is later.

Dated:  March 30, 2010

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: s/ Daniel A. Zazove
   One of its Attorneys

Daniel A. Zazove, ARDC No. 3104117
Kathleen A. Stetsko, ARDC No. 6297704
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
312.324.8400

# **CERTIFICATE OF SERVICE**

      I, Daniel A. Zazove, an attorney, certify that I caused to be served upon the party named below a true and correct copy of the **LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (A) SALE OF OPERATING ASSETS OF CEDAR PARK AND BURR OAK BUSINESSES, (B) TERMS OF SALE AGREEMENT, (C) SALE TERMS AND BIDDING PROCEDURES, BREAK UP FEE AND AUCTION NOTICE, AND (D) RELATED RELIEF** via electronic transmittal, as indicated by 5:00 p.m. on March 30, 2010.

Dated: March 30, 2010

                                                                       By: /s/   Daniel A. Zazove

## SERVICE LIST – PERPETUA BURR-OAK

|  | Email Address | Method of Delivery |
|---|---|---|
| William T. Neary<br>Office of the U.S. Trustee<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60604-1702 | USTPRegion11.ES.ECF@usdoj.gov | Court ECF notice |
| *Attorneys for Debtors*<br>Kimberly A Bacher<br>Robert M Fishman<br>Richard A. Saldinger<br>Brian L Shaw<br>Shaw Gussis Fishman Glantz Wolfson Towbin<br>321 N. Clark<br>Suite 800<br>Chicago, IL 60654 | kbacher@shawgussis.com<br>rfishman@shawgussis.com<br>rsaldinger@shawgussis.com<br>bshaw100@shawgussis.com | Court ECF notice/ Email |
| *All other parties requesting ECF notice*<br><br>Sisavanh B. Baker<br>Aaron R. Bilton<br>Carl B. Boyd<br>Patience R. Clark<br>Nathan F. Coco<br>Joseph R. Curcio<br>Yao O'Dinizulu<br>Faith Dolgin<br>Arthur S. Gold<br>Jamie G. Goldstein<br>Kenneth T. Goldstein<br>Blake W. Horwitz<br>Gregory J. Jordan<br>Dan Klein<br>Robert D. Kreisman<br>Clinton A. Krislov<br>Vincent E. Lazar<br>Anthony J. Masciopinto<br>James D. Montgomery<br>Elliot Pollock<br>Scott C. Polman<br>Joseph A. Power<br>Aron D. Robinson<br>Zachary K. Sims<br>Thomas A. Jr. Zimmerman |  | Court ECF notice |