UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PERPETUA-BURR OAK HOLDINGS OF | ) | Case No. 09-34022 |
| ILLINOIS, L.L.C., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date: August 16, 2011 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Objection Deadline:  August 12, 2011 |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 16, 2011 at 10:00 a.m., the undersigned shall appear before the Honorable Pamela S. Hollis, in Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, and then and there present **FIFTH AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC, AS COUNSEL FOR THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF,** at which time you may appear if you deem fit.

Dated: July 22, 2011    Respectfully submitted,

SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC

By:   */s/ Brian L. Shaw*

Robert M. Fishman (#3124316)
Brian L. Shaw (#6216834)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

{7236 APPL A0294359.DOC 6}

# CERTIFICATE OF SERVICE

Brian L. Shaw certifies that he caused to be served a true copy of the above and foregoing **NOTICE OF MOTION** and **FIFTH AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC, AS COUNSEL FOR THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF** upon the attached Service List via ECF Electronic Mail Notice on this 22nd day of July, 2011.

/s/ *Brian L. Shaw*

*Via Electronic Mail*
Steven J. Plotkin (sjplaw@sbcglobal.net)
Darrell Phillips (revdrdlp@comcast.net)
Shelby H. Karish (shelby@walnerlaw.com)
Blake W. Horwitz (bwhorwitz@hrbattorneys.com)
Deidre Baumann (baumannesq@worldnet.att.net)
Kenneth T. Goldstein (ken@krislovlaw.com)
Aron D Robinson (adroblaw@aol.com)

*Mailing Information for Case 09-34022*

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- Farris M Alkaraki    malkaraki@leahylaw.com, mocampo@leahylaw.com
- Kimberly A Bacher    kbacher@shawgussis.com
- Sisavanh B Baker    sibaker@cookcountygov.com
- Edric S Bautista    ebautista@sanchezdh.com
- Aaron R. Bilton    aaronbilton@ameritech.net
- Michael F Bonamarte    mfb@levinperconti.com
- Carl B Boyd    starksboyd@sbcglobal.net
- David H Charlip    dcharlip@charliplawgroup.com
- Patience R Clark    prc@clarklawchicago.com, nikki41711@gmail.com
- Nathan F Coco    ncoco@mwe.com
- Joseph R Curcio    info@curcio-law.com, kmillan@curcio-law.com
- Yao O Dinizulu    dinizulu@dinizululawgroup.com

- Faith Dolgin    faith.dolgin@illinois.gov
- Michael W Duffy    mduffy@cdglawyers.com, abrucato@childresslawyers.com
- Paul Fangman    pfangman@hotmail.com
- Robert M Fishman    rfishman@shawgussis.com
- Ronald G Fleisher    rgf@karlinfleisher.com
- Arthur S Gold    asg@gcjustice.com, carla@gcjustice.com
- Jamie G Goldstein    jgoldstein@gdmlawfirm.com
- Kenneth T Goldstein    ken@krislovlaw.com, ecf@krislovlaw.com
- Blake W Horwitz    bhorwitz@hrbattorneys.com, sboshears@rsbmlaw.com
- Victor Jacobellis    vjacobellis@cdglawyers.com, lmesser@cdglawyers.com
- Gregory J Jordan    gjordan@jka-law.com
- Dan Klein    dakchicago@yahoo.com
- Robert D Kreisman    bob@robertkreisman.com
- Clinton A Krislov    clint@krislovlaw.com
- Robert A Langendorf    rlangendorf@comcast.net
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Vincent E. Lazar    vlazar@jenner.com, lyap@jenner.com;docketing@jenner.com
- Edward J. Lesniak    elesniak@burkelaw.com
- Nathan P Lusignan    nlusignan@gkw-law.com
- Matthew T Malinowski    plaintifflaw4@gmail.com
- John R Malkinson    mhpc@aol.com
- Anthony J Masciopinto    amasciopinto@kmklawllp.com
- James D. Montgomery    james2@jdmlaw.com
- Steven J Morton    sjm@sjmlaw.com
- Lauren N. Nachinson    Lauren.Nachinson@quarles.com, Faye.Feinstein@quarles.com
- Christina M Phillips    cphillips@childresslawyers.com, docketclerk@childresslawyers.com,tdelgado@childresslawyers.com
- Thomas Plouff    tom@alabama-attorney.net

- Elliot Pollock    pollocklaw@sbcglobal.net, rettigb@hotmail.com
- Scott C Polman    spolman.law@comcast.net
- Joseph A Power    joepower@prslaw.com, dkroger@prslaw.com
- Phyllis Y Price    pprice@pricelawofc.com
- Michael R Richmond    mrichmond@hellerrichmond.com
- Aron D Robinson    adroblaw@aol.com
- David M Rownd    drownd@thompsoncoburn.com
- Richard A. Saldinger    rsaldinger@shawgussis.com
- Keenan J Saulter    ksaulter@saulterlawgroup.com
- Jeffrey M Schwartz    jeffrey.schwartz@dbr.com, bertha.serrano@dbr.com
- Brian L Shaw    bshaw100@shawgussis.com, bharrington@shawgussis.com
- John J Simonetti    simonetti@mschicagolaw.com
- Zachary K. Sims    zacharysims@aol.com
- Kathleen A Stetsko    kstetsko@perkinscoie.com, docketchi@perkinscoie.com
- James Stevens    jstevens@clgllc.com, pleisen@clgllc.com
- Daniel Twetten    dan@loevy.com
- Courtenay Martin Wilson    cwilson@logganslaw.com
- Daniel A Zazove    docketchi@perkinscoie.com
- Thomas A Jr Zimmerman    tom@attorneyzim.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PERPETUA-BURR OAK HOLDINGS OF | ) | Case No. 09-34022 |
| ILLINOIS, L.L.C., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | |
| | ) | Hearing Date: August 16, 2011 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Objection Deadline: August 12, 2011 |

**FIFTH AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC, AS COUNSEL FOR THE DEBTORS, FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
<u>EXPENSES AND FOR RELATED RELIEF</u>**

Robert M. Fishman, Brian L. Shaw and the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC (collectively, "**Shaw Gussis**") apply to this Court (the "**Final Application**"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2002(i), 2016(a) and 9007, for the (i) final allowance and payment of $77,414.00[1] in compensation for 179.70 hours of professional services (the "**Services**") rendered on behalf of Perpetua, Inc. ("**Perpetua**"), Perpetua Holdings of Illinois, Inc. d/b/a Cedar Park Cemetery ("**Cedar Park**") and Perpetua-Burr Oak Holdings of Illinois, L.L.C. d/b/a Burr Oak Cemetery ("**Burr Oak**", collectively, with Cedar Park and Perpetua, the "**Debtors**"), and for the reimbursement of $1,224.45 for expenses (the "**Expenses**") incurred incidental to the Services during the period of April 1, 2011 to June 16, 2011 (the "**Application Period**"), and (ii) final approval of compensation and expense reimbursement previously applied for and awarded by

---

[1] The amount sought herein reflects a voluntary reduction in legal fees in the amount of $4,000.00.

this Court on an interim basis. In support of this Final Application, Shaw Gussis respectfully states as follows:

## BACKGROUND

1.  On September 14, 2009 (the "**Petition Date**"), the Debtors each filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**"), thereby commencing the above-captioned cases (the "**Cases**"). Throughout the Cases, the Debtors managed and operated their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.  The United States Trustee has appointed a creditors' committee ("**Committee**") in the Cases.

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4.  Perpetua was organized under the laws of the state of Florida in 1998. Perpetua (a) owns all of the capital stock of (i) Cedar Park and (ii) Perpetua Holdings, Inc. d/b/a Wade Funeral Home ("**Wade**") (a non-debtor affiliate) and (b) holds all of the common interests in Burr Oak. Perpetua provides administrative, managerial and other support services to Cedar Park, Burr Oak and Wade. Perpetua's subsidiaries' cemeteries and funeral homes principally serve minority communities in the Chicago and St. Louis metropolitan areas.

5.  Cedar Park was organized under the laws of Illinois in 2004, at which time it acquired the Cedar Park Cemetery. Cedar Park owned and operated an active cemetery located at 12540 S. Halsted, Calumet Park, Illinois (the "**Cedar Park Cemetery**") until the sale of the Cedar Park Cemetery to Cemecare, LLC in July 2010. Cedar Park maintained an office on site.

6. Burr Oak was organized under the laws of Illinois in 2001, at which time it acquired the Burr Oak Cemetery. Burr Oak owns and operates an active cemetery located at 4400 W. 127th Street, Alsip, Illinois (the "**Burr Oak Cemetery**" and together with the Cedar Park Cemetery, the "**Cemeteries**"). Burr Oak maintains an office on site.

7. On April 5, 2011, the Debtors filed the Second Amended Joint Chapter 11 Plan of Liquidation (the "**Plan**"). On May 24, 2011, the Bankruptcy Court entered an order confirming the Plan (the "**Confirmation Order**"). The Plan became effective on June 16, 2011 (the "**Effective Date**").

8. The Plan provides for the (a) restoration and long term maintenance of the Burr Oak Cemetery, (b) satisfaction of Burr Oak's obligations to the holders of certain pre-need contracts and owners of Burr Oak Cemetery burial plots and (c) distribution of certain insurance settlement proceeds to or for the benefit of holders of allowed claims against the Debtors through the (y) establishment and funding of the Perpetua Trust and (z) establishment and funding of the BOC Trust for the long term maintenance and ownership of the Burr Oak Cemetery.

## RETENTION OF SHAW GUSSIS

9. On September 17, 2009, the Debtors applied to the Court for an order approving the retention of Shaw Gussis as general bankruptcy counsel in connection with the Cases and the compensation arrangement related thereto, effective as of the Petition Date (the "**Retention Application**").

10. Also on September 17, 2009, the Debtors filed a motion for approval of procedures for interim compensation and reimbursement of expenses of professionals (the "**Interim Compensation Procedures**"), which provides for, *inter alia*, service of an invoice each month (the "**Monthly Invoices**") and monthly compensation for services provided by the

{7236 APPL A0294359.DOC 6}                           3

Debtors' professionals at 80% and full reimbursement of actual expenses, subject to review by the Office of the United States Trustee, the Debtors' post-petition lender and the Committee, and further subject to the Court's approval as part of the normal interim fee application process.

11. On October 6, 2009, this Court signed orders (i) authorizing the Debtors to employ Shaw Gussis as their general bankruptcy counsel in the connection with their Cases effective as of the Petition Date (the "**Retention Order**") and (ii) approving the Interim Compensation Procedures.

## HISTORY OF THE CASES

12. The representation of the Debtors was a particularly difficult and complicated task. Prior to the Petition Date, over 50 separate lawsuits, including some class action suits, were commenced against the Debtors and certain of their affiliates, officers, directors, managers and members, alleging numerous and various breach of contract and tort claims relating to the alleged criminal activities of certain former employees of Burr Oak (the "**Lawsuits**"). Numerous attorneys representing the thousands of alleged victims did not want to see the Cases administered in Bankruptcy Court, preferring to let the Lawsuits run their course in state and federal court. Additionally, the Office of the Comptroller of the State of Illinois and the Illinois Attorney General (collectively, the "**State**") both immediately sought the appointment of a Chapter 11 trustee to oversee the Debtors' operations and the Cases.

13. Within the first few weeks of the Cases, motions for the appointment of a trustee, to lift the automatic stay and for abstention had all been filed. The Debtors were able to reach a consensual resolution of the trustee motion with the State by agreeing to bring in an outside third party to act as the chief restructuring officer ("**CRO**") of Burr Oak and for the CRO to hire an expert cemeterian as a consultant. Shaw Gussis was able to persuade the Court to defer the

motions respecting the stay and abstention, and those motions ultimately fell by the way as the Plan was confirmed.

14. Shaw Gussis then negotiated a global settlement of all claims of the Debtors against their two insurance carriers, resulting in $7,650,000 being made available to pay claims in the Cases, subject to confirmation of a plan that contained an acceptable channeling injunction for the benefit of the insurance carriers.

15. Thereafter, in conjunction with the Committee, the Debtors were able to propose and confirm the Plan, which brought the saga to an end and provided the various benefits outlined in Paragraph 8 hereof.

## THE SERVICES RENDERED BY SHAW GUSSIS GENERALLY

16. From and after the inception of Shaw Gussis' representation of the Debtors up to and including the present time, Shaw Gussis has served as legal counsel to the Debtors with respect to all bankruptcy matters that have arisen in or with respect to the Cases. In connection therewith, during the Application Period, Shaw Gussis has provided substantial bankruptcy legal services to the Debtors, including addressing all solicitation issues in connection with the Plan and extensively preparing for and attending a hearing on confirmation of the Plan which resulted in the entry of the Confirmation Order.

17. While the bulk of the services rendered and expenses incurred during the Application Period were for the benefit of all of the Debtors (and thus invoiced to the Debtors jointly), where appropriate, during the course of the Cases, Shaw Gussis invoiced Perpetua, Cedar Park and Burr Oak separately for services and expenses provided solely for that particular Debtor's benefit. During this Application Period, all of the services rendered by Shaw Gussis were for the benefit of all of the Debtors. Shaw Gussis has attached the Monthly Invoices for "Services Rendered to All Debtors" as Group Exhibit A. Within each Monthly Invoice, the

{7236 APPL A0294359.DOC 6}                           5

Services provided to the Debtors are divided by distinct matters.

18.     All of the Services for which compensation is first requested herein were rendered in connection with the Cases and related matters. All of the time described in the annexed exhibits represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Gussis who rendered the described services. In certain instances, the time reflected in the exhibits has been reduced in an effort by Shaw Gussis to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive services.

19.     The hourly rates charged by the bankruptcy professionals of Shaw Gussis who worked on the Cases and whose time is a part of the Services are as follows:

| **Members** | **Rate**[2] |
|---|---|
| Robert M. Fishman | $625.00/$600.00 |
| Brian L. Shaw | $465.00/$450.00 |
| Richard A. Saldinger | $430.00 |
| Jarret Raab (SJR) | $300.00 |
| | |
| **Associates** | **Rate** |
| Kimberly Bacher | $315.00/$290.00 |
| | |
| **Paralegals** | **Rate** |
| Patricia M. Fredericks | $185.00/$180.00 |

These rates are based on the experience and expertise of the respective personnel.

20.     The Services have required a total of 179.70 hours on the part of Shaw Gussis as more fully set forth in the Monthly Invoices. See Group Exhibit A. Based upon the customary and reasonable rates charged by Shaw Gussis for services in cases under the Bankruptcy Code and for services other than services rendered in cases under the Bankruptcy Code, the fair and reasonable value of the Services is not less than $77,414.00 (the "**New Compensation**

---

[2] On March 1, 2011, Shaw Gussis increased the hourly billing rates of certain of its professionals. Professionals in the chart below with two billing rates reflect the billing rate prior to March 1, 2011, and the billing rate post March 1, 2011.

{7236 APPL A0294359.DOC 6}              6

**Request"**).  All of the Services for which compensation is requested were Services which, in Shaw Gussis' billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

21.  Hereinbelow, the Court will find a narrative, by category, of the Services provided by Shaw Gussis to the Debtors during the Application Period (the "**Summaries**").  The narrative is provided for all categories of Services in which at least $1,500 of compensation is requested.  The Monthly Invoices have a detailed description of all Services, by category, regardless of the amount requested.

22.  Within the Monthly Invoices the Court will find the Services broken down by date, attorney and category.  Additionally, each of the categories within the Monthly Invoices and the Summaries has a compilation of the time spent on and compensation requested for each category.

23.  The following are the Summaries for Group Exhibit A – Services Rendered to all of the Debtors:

A.  **Case Administration**.  ($2,523.00 – 7.20 hours)  This subject matter includes Services pertaining to general case administration.  Specifically, this category of Services includes: (i) preparing, filing and serving agendas for each omnibus hearing date; (ii) preparing for and participating in numerous hearings before the Bankruptcy Court; and (iii) preparing, reviewing and filing monthly summaries of cash receipts and disbursements.

B.  **Disclosure Statement**.  ($2,557.50 – 5.50 hours)  This subject matter includes Services rendered in connection with the Debtors' disclosure statement (the "**Disclosure Statement**").  Specifically, this category of Services includes: (i) revising, editing and carefully reviewing the Disclosure Statement; (ii) responding to inquiries regarding the Disclosure

Statement; and (iii) addressing issues pertaining to the creation and service of the Debtors' solicitation packages.

        C.     **Fee Applications**. ($3,109.00 – 8.80 hours) This subject matter includes Services rendered in connection with the Interim Compensation Procedures. Specifically, this category of Services includes: (i) editing and reviewing monthly invoices; (ii) preparing, editing and revising the statement of services served with the monthly invoices; (iii) reviewing, summarizing and calculating all fees and expenses incurred by Shaw Gussis as counsel for the Debtors for the period from September 1, 2010 to March 31, 2011 in connection with the Fourth Interim Application of Shaw Gussis for Allowance and Payment of Compensation and Reimbursement of Expenses and for Related Relief (the "**Fourth Interim Fee Application**"); and (iv) drafting, editing and serving the Fourth Interim Fee Application, including the professional fees over sheet, proposed order and all applicable exhibits.

        D.     **Plan of Reorganization**. ($55,858.50 – 117.80 hours) This subject matter includes substantial Services rendered in connection with the preparation of the Plan and the hearing on confirmation of the Plan (the "**Confirmation Hearing**"). Specifically, this category of Services includes: (i) drafting, editing and revising an order regarding the inclusion of various materials with the solicitation package, including final, pre-solicitation amendments to the Plan and related documents; (ii) discussing the Plan with various media outlets; (iii) drafting, reviewing and revising certain solicitation materials; (iii) conferring with the Committee, creditors and the client regarding the solicitation process; (iv) addressing issues and inquiries regarding solicitation and balloting issues; (v) reviewing and analyzing the ballot report; (vi) drafting, editing and revising the order confirming the Plan; (vii) drafting, editing and reviewing the notice of confirmation of the Plan; (viii) extensively preparing for the Confirmation Hearing,

{7236 APPL A0294359.DOC 6}        8

including preparing all witnesses, conducting research and reviewing applicable caselaw in connection with potential issues related to objections to the Plan, preparing an opening statement and argument for the Confirmation Hearing and reviewing all relevant materials in preparation of the Confirmation Hearing.

    E.  **Post Confirmation**. ($15,349.50 – 35.70 hours) This subject matter includes all Services rendered in connection with the interim period between the Confirmation Date and the Effective Date and includes: (i) preparing, reviewing and revising corporate documents in connection with the creation of a new entity; (ii) working through various issues in connection with the Perpetua Trust Agreement with Patricia Brown Holmes (the "**Trustee**") and participating in multiple conferences and a meeting with the Trustee and her counsel; and (iii) working on other issues necessary to enable the Plan to become effective.

### SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

    24.  In summary, the lodestar amount of compensation sought with respect to the Services is $81,414.00 (the "**Lodestar Amount**"). In addition, the total compensation sought for each professional with respect to the aforementioned categories as set forth in Group Exhibit A can be summarized as follows:

### PROFESSIONAL RATE CHARTS

| Professional | Position | Rate[3] | Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Member | $625 | 27.00 | $16,875.00 |
| Brian L. Shaw | Member | $465 | 109.90 | $51,103.50 |
| Richard A. Saldinger | Member | $430 | 5.00 | $2,150.00 |
| S. Jarret Raab | Member | $300 | 0.50 | $160.00 |
| Kimberly Bacher | Associate | $315 | 32.50 | $10,237.50 |
| Patricia M. Fredericks | Paralegal | $185 | 4.80 | $888.00 |
| | | **Total:** | **179.70** | **$81,414.00** |

---

[3] This reflects the hourly rate in place during the Application Period.

25. The hourly rates charged by Shaw Gussis with respect to the Cases compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis attorneys and paralegals. Further, the amount of time spent by Shaw Gussis with respect to the Cases is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake and the sophistication and experience of opposing counsel.

26. The Lodestar Amount for all of the services rendered by Shaw Gussis during the Application Period is $81,414.00. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that the Lodestar Amount represents a fair and reasonable amount for the allowance of interim compensation in this case.

## THE EXPENSES REQUESTED

27. All of the Expenses for which reimbursement is requested are expenses which Shaw Gussis customarily recoups from all of its clients. The Expenses included in this Application are expenses incurred or billed during this Application Period. The types of costs for which reimbursement is sought are listed below:

| Photocopies | 10¢ per page |
|---|---|
| Commercial/Court Photocopy | actual cost |
| Messenger | actual cost |
| CMECF/Pacer | actual cost |
| Postage | actual cost |
| Local and Long Distance Travel | actual cost |

{7236 APPL A0294359.DOC 6}    10

Document      Page 15 of 19

| Teleconference Calls | actual cost |
|---|---|
| Parking/Taxi | actual cost |

28. The specific Expenses for which reimbursement is requested during the Application Period are as follows and are specifically set forth on <u>Group Exhibit A</u>:

**All Debtors**

| Photocopies | $131.6 |
|---|---|
| Westlaw | $473.97 |
| Pacer Research | $160.16 |
| Parking/Taxi | $37.00 |
| Teleconference Calls | $27.80 |
| Postage | $1.05 |
| Messenger | $16.98 |
| Secretary of State | $281.25 |
| Working Meal | $94.64 |
| **Total**: | **$1,224.45** |

29. All of the Expenses for which reimbursement is sought are costs actually borne by Shaw Gussis and were necessarily incurred in connection with the Cases.

30. As noted previously, all of the Expenses for which reimbursement is requested are of the type and amount of expense that Shaw Gussis customarily recoups from all of Shaw Gussis' clients. Further, the expenses for which reimbursement is sought constitute the types and amounts generally allowed by bankruptcy judges in this and other districts.

**COMPENSATION AND EXPENSES RECEIVED TO DATE BY SHAW GUSSIS**

31. Pursuant to the Interim Compensation Procedures, Shaw Gussis has requested and received no objection to payments[4] of $81,414.00 for Services rendered, and $1,224.45 for actual expenses incurred in connection with the Services, during the Application Period, all as set forth in the chart below. Shaw Gussis has voluntarily agreed to reduce the requested fees for the

---

[4] Representing eighty percent (80%) of the amount of fees incurred and invoiced during each applicable month. The remaining twenty percent (20%) of unpaid invoiced fees is referred to as the "**Holdback**."

Application Period by $4,000.00, which reduces Shaw Gussis' fee request from $81,414.00 to $77,414.00. In total, and including the $4,000.00 voluntary reduction set forth herein, since the Petition Date, Shaw Gussis has voluntarily reduced its fees by $41,944.00. Therefore, the total amount of fees and expenses being sought for allowance through this Final Application is $78,184.26.

| Month | Total Fees | 80% Fees Requested | Holdback | Expenses Requested |
|---|---|---|---|---|
| April 2011 | $18,401.00 | $14,720.80 | $3,680.20 | $132.88 |
| May 2011 | $49,134.00 | $39,307.20 | $9,826.80 | $127.12 |
| June 1-16, 2011 | $13,879.00 | $11,103.20 | $2,775.80 | $964.45[5] |
| **Total:** | **$81,414.00** | **$65,131.20** | **$16,282.80** | **$1,224.45** |

32.    Shaw Gussis has been allowed the following in fees and expenses on an interim basis pursuant to the following orders (collectively, the "**Previously Allowed Fees and Expenses**"): (i) $329,111.50 in fees and $12,151.65 in expenses pursuant to the Order Granting the First Application For Compensation [Docket No. 426]; (ii) $204,947.30 in fees and $4,842.18 in expenses pursuant to the Order Granting the Second Application For Compensation [Docket No. 680]; (iii) $155,000.00 in fees and $12,444.67 in expenses pursuant to the Order Granting Third Application For Compensation [Docket No. 771]; and (iv) $172,781.00 in fees and $5,329.80 in expenses awarded pursuant to the Order Granting the Fourth Application For Compensation [Docket No. 904]. Below is a chart reflecting the Previously Allowed Fees and Expenses:

---

[5] The Monthly Fee Statement for June 1 through June 16, 2011 requested expenses in the amount of $510.26. However, the actual expenses incurred during that period was $964.45. The amounts included in the chart include the correct amount of expenses owing to Shaw Gussis for the Application Period.

{7236 APPL A0294359.DOC 6}    12

| Fee Application | Total Fees | Total Expenses | Grand Total |
|---|---|---|---|
| First Interim | $329,111.50 | $12,151.65 | $341,263.15 |
| Second Interim | $204,947.30 | $4,842.18 | $209,789.48 |
| Third Interim | $155,000.00 | $12,444.67 | $167,444.67 |
| Fourth Interim | $172,781.00 | $5,329.80 | $178,110.80 |
| Fifth Interim | $77,414.00 | $1,224.45 | $78,638.45 |
| Total: | $939,253.80 | $35,992.75 | $975,246.55 |

33. Since the Petition Date of September 14, 2009, the Debtors have paid Shaw Gussis: (i) $839,778.49 for fees and expenses for services rendered on behalf of all of the Debtors, (ii) $73,570.56 for fees and expenses for services rendered on behalf of Burr Oak, (iii) $39,910.44 for fees and expenses for services rendered on behalf of Cedar Park, and (iv) $3,448.50 for fees for services rendered on behalf of Perpetua. In the aggregate, Shaw Gussis has been paid a grand total of $956,707.99. If the fees and expenses requested herein are authorized ($78,638.45), Shaw Gussis will be owed $18,538.56 (the "**Aggregate Balance**"), which reflects the balance between fees and expenses incurred ($975,246.55) and the amount Shaw Gussis has been paid ($956,707.99). Shaw Gussis is currently holding a retainer of $84,307.77 (the "**Retainer**"). Shaw Gussis requests that (i) it be permitted to apply the Retainer to the Aggregate Balance, and (ii) credit the balance of the Retainer to Perpetua (Consolidated), Inc.

## COMPLIANCE WITH SECTION 504

34. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

## **NOTICE**

35.  Notice of this Final Application has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtors' postpetition lenders (c) counsel to the Committee; and (d) parties requesting notice in the Cases.  In light of the creditor activity within these Cases and the existence of the Committee, the Debtors submit that no further notice is required.  Based on the extent of the notice already provided, Shaw Gussis respectfully requests that additional notice of the hearing on this Final Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2006(a)(6), 2002(i) and 9007.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto that:

(a)  allows Shaw Gussis $77,414.00 in interim compensation for Services rendered during the Application Period of April 1, 2011 to June 16, 2011;

(b)  allows Shaw Gussis $1,224.45 in Expense reimbursement for the Application Period of April 1, 2011 to June 16, 2011;

(c)  authorizes and directs the Debtors to pay to Shaw Gussis the Holdback after application of Shaw Gussis' voluntary reduction under the Interim Compensation Procedures and other unpaid amounts due for the Application Period under the Interim Compensation Procedures from the funds of the Debtors' estates;

(d)  approves on a final basis all Previously Allowed Fees and Expenses awarded by this Court on an interim basis;

(e)  waives other and further notice of this hearing with respect to this Final Application; and

(f) provides Shaw Gussis with such additional relief as may be appropriate under the circumstances.

Dated: July 22, 2011

Respectfully submitted,

SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC

By: */s/ Brian L. Shaw*

Robert M. Fishman (#3124316)
Brian L. Shaw (#6216834)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone

{7236 APPL A0294359.DOC 6}       15